UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                   )
TEXTRON FINANCIAL CORPORATION,     )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 09-85 S
                                   )
OAKBORO TRACTOR & EQUIPMENT, INC.  )
and JOEL THOMAS,                   )
        Defendants.                )
_____)

**ORDER**

WILLIAM E. SMITH, United States District Judge.

This matter is before the Court on cross-objections by Plaintiff Textron Financial Corporation and Defendants Oakboro Tractor & Equipment, Inc. and Joel Thomas, to the Report and Recommendation ("R&R") Magistrate Judge Lincoln Almond filed on August 26, 2010 in the above-captioned matter.

Plaintiff moved for a preliminary injunction (1) enjoining Defendants from alienating collateral in the future, unless the proceeds are deposited into an escrow account or the Registry of the Court, and (2) requiring Defendants to deposit the proceeds of previously-sold collateral into an escrow account or the Registry of the Court. In his R&R, Magistrate Judge Almond recommended that Plaintiff's motion be granted in part and denied in part. More specifically, he recommended that the preliminary injunction be granted with respect to collateral

alienated in the future, and denied with respect to previously-sold collateral. ("R&R" 5, 9, ECF No. 42.)

In passing on objections to an R&R, the Court reviews de novo the parts of the R&R to which there have been objections and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3).

While this case is a close call, after careful consideration of the parties' objections, the Court concludes that the Magistrate Judge analyzed the merits of the issues correctly.  The Court therefore accepts the R&R pursuant to Title 28 United States Code § 636(b)(1), with one clarification. In the R&R, the Magistrate Judge concluded that it is "undisputed that Oakboro does not own the tractors in question free and clear."  (R&R 5.)  The Court agrees with the Magistrate Judge that Oakboro does not appear to own the equipment free and clear; however, the Court recognizes that whether Oakboro owns the equipment is a hotly contested fact at the center of this dispute.  The Court understands that this issue will be further litigated at trial, and its conclusion here is for purposes of deciding this motion only.

In addition to the relief requested in its motion, TFC has also asked (for the first time in its partial objection to the R&R) for a preliminary injunction enjoining Defendants from

alienating collateral unless the purchase price is the full invoice price or TFC agrees to a different price.  For the reasons set forth in the R&R, the Court finds that TFC has made a sufficient showing to justify this preliminary relief.  The Court therefore grants its request.

Plaintiff's motion for a preliminary injunction is hereby DENIED with respect to the previously-sold collateral, and GRANTED with respect to the proceeds and price of collateral alienated in the future.


IT IS SO ORDERED.


*/s/ William E. Smith*
William E. Smith
U.S. District Judge
Date:  February 7, 2011